UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUSIVILLE DIVISION

**WINSTON A. THOMAS**                                                                                  **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 3:14CV-700-H**

**CENTERPLATE INC.** *et al.*                                                                    **DEFENDANTS**

### MEMORANDUM AND ORDER

Plaintiff Winston A. Thomas filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-3 along with an application to proceed without prepayment of fees.

Upon consideration, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the action pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. STANDARD OF REVIEW

On preliminary review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. STATEMENT OF THE CASE

Plaintiff brings this action against five Defendants who he identifies as follows: (1) Centerplate Inc.; (2) Martin Durbin, General Manager; (3) Wes Duke, Assistant General Manager; (4) Mark Huff, Bar Manager; and (5) Michael Ortman, U of L Stadium Manager. He asks for no specific relief, but requests the Court to grant his "motion to hear this notice pursuant to 42 U.S.C. Section 2000e-3, and pursuant to Rule 3."

In his complaint, Plaintiff states as follows:

Winston A. Thomas, Pro-se, respectfully requests that this Court hear this motion pursuant to Rule 3 of the Federal Rules of Civil Procedure and 42 U.S.C. Section 2000e-3. In support of this Motion, Mr. Thomas, shows the Court: 1. The statute governing discrimination involving state or corporate actors, 42 U.S.C. Section 20000e-3, provides it shall be an unlawful employment practice for an employer to discriminate against any of his employees, because he has made an unlawful employment practice, . . . if it is satisfied that such action is warranted by the conduct of the defendants and in the interest of justice. 2. On September 15, 2014, Mr. Thomas, or sometime thereafter, was terminated by defendant's conduct be a cause in fact of intent or motive in unlawful employment practices.

2

3.  Mr. Thomas after having gainful employment with Centerplate Inc., began July 27, 2010, never without any incidents, written warnings, oral warnings, probations, or counseling notices.  4.  On August 25, 2014, Desmond Hague, CEO of Centerplate, the company issued a statement involving Des Hague a personal matter, where in July of 2014, was caught on camera kicking a dog in a Vancouver elevator.  Hague was put on probation within the company, he agreed to donate $100,000 to an animal charity, and served 1,000 hours of community service.  5.  On June 29, 2013, during "The Star Spangled Night," or sometime thereafter, Mark Huff, bar manager for Centerplate at Papa John's Cardinal Stadium, sexually assaulted, physically groped, and verbally insulted Jason Karsner, while Jason worked attending a Bar at Churchill Downs.  Martin Durbin, general manager and Wes Duke, asst. general manager, when knowing of this incident from other employees, who reported Mark Huff for this personal attack upon another employee, with these explicit advances for sex, did nothing to this employee.  6.  Since July 27, 2010, Mr. Thomas has fulfilled all the conditions of his managerial duties, by his performance being a full-time employee . . . .

## III. ANALYSIS

### A. 42 U.S.C. § 1983

In the complaint, Plaintiff states that the jurisdiction for this action is 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).  A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation.  A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury.  *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986).  "Congress did not intend § 1983 liability to attach where causation is absent."  *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged."  *Id.*  When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to

3

sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

In the present case, Plaintiff does not state any federal statutory or constitutional right that he alleges has been violated. Nor does he allege that Defendants are persons who were acting under color of state law. Further, Plaintiff fails to connect any alleged wrongdoing to any of the named Defendants. Therefore, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

Accordingly, to the extent Plaintiff is attempting to raise a claim under 42 U.S.C. § 1983 in this action, such a claim is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### B. *Title VII*

Based upon the limited allegations made in Plaintiff's complaint, it appears that he is attempting to bring an action under Title VII of the Civil Rights Act of 1964. However, he did not file this action on a Title VII form, and he did not attach a copy of his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). *See E.E.O.C v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if [he] does not possess a 'right to sue' letter from the EEOC.").

**IT IS THEREFORE ORDERED that within 30 days of the entry date of this Memorandum and Order, Plaintiff must fully complete and submit his complaint on a court-supplied Title VII form and must attach a copy of his EEOC right-to-sue letter**. Plaintiff is **WARNED** that his failure to comply with either part of this Order within the time allowed **may result in dismissal** of this action. **The Clerk of Court is DIRECTED to write**

**the instant action number and "Amended Complaint" on a Title VII form and send it to Plaintiff for completion**.

Date:

cc:  Plaintiff
4412.003